1

2

3

4

5

6

7

8                            **UNITED STATES DISTRICT COURT**

9                            **CENTRAL DISTRICT OF CALIFORNIA**

10

11   SCOTT ROBERT MOORE,                     No. 2:25-cv-09463-AB-BFM

12              Plaintiff,                    **ORDER ACCEPTING REPORT
                                             AND RECOMMENDATION OF**
13         v.                                **UNITED STATES MAGISTRATE
                                             JUDGE**
14   AMY C. YERKEY, et al.,

15              Defendants.

16

17         Pursuant to 28 U.S.C. section 636, the Court has reviewed the Complaint, the

18   records on file, and the Report and Recommendation of United States Magistrate

19   Judge ("Report").  Further, the Court has engaged in a *de novo* review of those

20   portions of the Report to which objections have been made.

21         The Report recommends the dismissal of the Complaint with the exception of

22   Plaintiff's claim against his landlord for housing discrimination and retaliation.

23   (Dkt. No. 31.)  Plaintiff's objections to the Report (Dkt. No. 34) do not merit any

24   change to the Report's findings or recommendations.

25         Plaintiff objects that the Report ignored violations of Title II of the

26   Americans with Disabilities Act ("ADA") during his unlawful detainer proceeding

27   in state court.  (Dkt. No. 34 at 7-10, 14.)  The Report properly found that Plaintiff's

28   claims against Judge Yerkey and the state courts were barred by the Eleventh

Amendment, judicial immunity, and the Anti-Injunction Act.. (Dkt. No. 31 at 6-10.) Plaintiff fails to offer any persuasive argument for overcoming these doctrines.  For example, Plaintiff appears to argue that his case qualifies for an exception to the Anti-Injunction Act under *Mitchum v. Foster*, 407 U.S. 225 (1972), permitting federal intervention that is expressly authorized by an Act of Congress.  (Dkt. No. 34 at 9.)  The Court disagrees that Plaintiff's claims under Title II of the ADA permit federal injunctive intervention.  *See Braverman v. New Mexico*, 2011 WL 6013587, at *19 (D. N.M. Oct. 19. 2011) (analyzing several cases to conclude, "There is no evidence that the federal rights that Congress created in the ADA will be frustrated if federal courts are not empowered to enjoin state court proceedings or that the only way to effectuate the ADA's purposes will be to issue an injunction.").

Plaintiff objects that the Report disregarded his claim for injunctive relief under the Fair Housing Act.  (Dkt. No. 34 at 11-12.)  The Report properly found that such relief is barred by the Anti-Injunction Act.  (Dkt. No. 31 at 13.)  Plaintiff's reliance on an exception for an Act of Congress, under *Mitchum v. Foster* (Dkt. No. 34 at 12),  is unavailing.  *See Warda v. Santee Apartments LP*, 2017 WL 1336843, at *4 (S.D. Cal. Apr. 11, 2017) (claim under Fair Housing Act does not satisfy exception to Anti-Injunction Act when a plaintiff seeks to enjoin a state court unlawful detainer action, because the claim is enforceable in both state and federal court) (citing cases).

Plaintiff objects that the Report erroneously dismissed his claim seeking an accounting of Defendant Domingo's assets.  (Dkt. No. 34 at 12.)  The Report properly found that Plaintiff lacks standing to demand an accounting because he does not allege he would be entitled to any funds that Defendant Domingo allegedly obtained wrongfully.  (Dkt. No. 31 at 14.)

Plaintiff objects that the Report erroneously concluded that his claims against Defendant Sheriff Luna fails.  (Dkt. No. 34 at 12-14, 15-17.)  The Report properly

found that the Sheriff had a mandatory duty to serve the writ of possession pursuant to the eviction and had no duty to investigate Plaintiff's challenges to the legal soundness of the state court's eviction order.  (Dkt. No. 31 at 11.)  Moreover, "Plaintiff does not clearly allege how he has been excluded from any benefit or service offered by the Sheriff's Department, nor is it evident that the Sheriff has any authority to delay enforcement of the judgment the court has entered, which is the relief Plaintiff says the Sheriff should have afforded him through the iterative process[.]"  (*Id*. at 11-12 (citing *Busch v. Torres*, 905 F. Supp. 766, 771 (C.D. Cal. 1995) (recommending dismissal on *Rooker-Feldman* grounds of claim against sheriff responsible for executing writ of possession following eviction order; "just as it is impossible to attack a state court order in federal court, it is impossible to attack the implementation of that order by suing the individuals, either in their individual or official capacities, responsible for effecting the decision"))).  Plaintiff offers no persuasive argument undermining the Report's analysis.

Plaintiff objects that the Report failed to consider his claims against the state court under Section 504 of the Rehabilitation Act.  (Dkt. No. 34 at 15.)  In particular, Plaintiff argues the state court waived its immunity under the Eleventh Amendment because it receives federal funding "for court improvement grants, language access programs, and other initiatives."  (*Id*.)  This is insufficient to show a waiver of immunity.  *See Barrilleaux v. Mendocino County*, 2018 WL 3585133, at *32-*33 (N.D. Cal. July 26, 2018 (evidence that state court received federal grants to remove architectural barriers was insufficient to show waiver of Eleventh Amendment immunity from Rehabilitation Act claim).  Moreover, the Report properly found that Plaintiff's request for prospective relief from the state court was barred by the Anti-Injunction Act.  (Dkt. No. 31 at 9-10.)  No exception to the Anti-Injunction Act is available merely because Plaintiff raises a claim under the Rehabilitation Act.  *See Moore v. Capital Realty Group, Inc*., 2023 WL 4699915, at *4-*5 (W.D. N.Y. July 24, 2023) (Anti-Injunction Act bars federal court from

enjoining an eviction, despite tenant's allegations of violations of the ADA, the Fair Housing Act, and the Rehabilitation Act).

It is ordered that: (1) the Report and Recommendation is accepted and adopted; (2) Claims One, Two, Three, and Four are dismissed without further leave to amend; (3) Claim Two is dismissed insofar as it seeks injunctive relief; and (4) service is authorized on Defendant Rosanna Domingo as to Claim Two only.

Dated:  December 29, 2025

HON. ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

4