**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SCOTT ROBERT MOORE,

Plaintiff,

v.

HON. AMY C. YERKEY, et al.,

Defendants.

Case No. 2:25-cv-09463-AB (BFM)

**ORDER ACCEPTING IN PART INTERIM REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. section 636, the Court has reviewed the First Amended Complaint, the records on file, and the Interim Report and Recommendation of the United States Magistrate Judge ("Report"). Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

Plaintiff alleges housing discrimination and retaliation by Defendant, the owner of the property where Plaintiff previously resided. (Dkt. No. 51.) The Report recommends the denial of Defendant's Motion to Strike the First Amended Complaint under California's statute against Strategic Lawsuits Against Public Participation ("anti-SLAPP statute"). (Dkt. No. 65.) The Report conducted the anti-SLAPP analysis as to Plaintiff's four claims. (*Id.*) For the reasons below, the Court finds that Defendant's objection as to the fourth claim is well-taken but that Defendant's objections as to the remaining three claims are not.

Defendant objects that Plaintiff's fourth claim, for retaliatory eviction in violation of California law, fails because the unlawful detainer judgment in Defendant's favor conclusively established that Plaintiff had no right of possession. (Dkt. No. 67 at 8-12.) The Report found that, although Defendant satisfied her burden at step one of the anti-SLAPP analysis by showing that her unlawful detainer action was protected petitioning activity for anti-SLAPP purposes, Plaintiff satisfied his burden at step two by demonstrating a probability of prevailing on the claim. (Dkt. No. 65 at 9-16.) In particular, in order to meet his burden at step two, Plaintiff was required to "overcome any substantive defenses that exist." *Trinity Risk Management, LLC v. Simplified Labor Staffing Solutions, Inc.*, 59 Cal.App.5th 995, 1006 (Ct. App. 2021). Here, the Report rejected Defendant's argument that Plaintiff's retaliatory eviction claim was barred by the asserted defense of *res judicata*, under either claim preclusion or issue preclusion, based on a prior unlawful detainer judgment issued against Plaintiff. (*Id.* at 12-16.) Defendant's objection consists of six arguments. (Dkt. No. 67 at 8-12.) Because the first argument is well-taken, it is unnecessary to address the remaining five arguments.

Defendant's first argument is that the state court, in the unlawful detainer action, adjudicated that Plaintiff had no right of possession, making his label of retaliation irrelevant. (Dkt. No. 67 at 8-9.) The Report found that Plaintiff's claim of retaliatory eviction was not barred by claim preclusion because his retaliation claim rests on a different primary right than the one that was at issue in the unlawful detainer action. (Dkt. No. 65 at 14.) But "[a] primary right concerns the particular injury the plaintiff suffered, 'regardless of the legal theory on which liability for the injury is based.'" *Ann v. Tindle*, 321 F. App'x 619, 619 (9th Cir. 2009) (quoting *Fed'n of Hillside & Canyon Ass'ns v. City of Los Angeles*, 126 Cal. App. 4th 1180 (Ct. App. 2004)). "When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right." *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 798 (2010). Here, the

primary right raised both by Plaintiff's claim of retaliatory eviction and by Defendant's unlawful detainer action was the right to possession of the apartment. *See S.P. Growers Assn. v. Rodriguez*, 17 Cal. 3d 719, 723-24 (1976) (retaliatory eviction is a claim "that relates directly to the issue of possession. . . . [A] landlord has no right to possession when he seeks it for such an invalid reason"). Thus, Plaintiff's "retaliatory eviction claim under California Civil Code § 1942.5 . . . is . . . barred by res judicata, because it . . . arises from the same primary right that was adjudicated in the unlawful detainer action: [Plaintiff's] rights to the apartment." *United States ex rel. Hyatt v. Mirza*, 2018 WL 6653319, at *5 (E.D. Cal. Dec. 19, 2018); *see also Barefield v. HSBC Mortgage Services, Inc.*, 2023 WL 2529638, at *15 (E.D. Cal. Mar. 15, 2023) (claim of wrongful eviction necessarily involves the same primary right adjudicated in an unlawful detainer action); *D'Aguiar v. City of Campbell*, 2023 WL 6618261, at *15 (Ct. App. 2023) (claim of retaliatory eviction was barred by *res judicata* because the claim related to a "right to possession of the unit" that was earlier litigated in an unlawful detainer action). Because Plaintiff's claim for retaliatory eviction involved the same primary right that was at issue in the unlawful detainer proceeding, the right to the apartment, the claim is barred by claim preclusion.[1]

Plaintiff's claim of retaliatory eviction also is barred by claim preclusion because he could have raised it as an affirmative defense during the unlawful detainer proceeding and, in fact, he did raise it. (Dkt. No. 60-3 at 6.) And "the law is clear that *actual litigation* is not necessary as long as there has been a 'fair opportunity' to litigate the claim." *Mark v. Spencer*, 166 Cal. App. 4th 219, 229 (Ct. App. 2008) (emphasis in original). "[C]laims that *could* have been litigated in the unlawful detainer action are now barred." *Needelman v. DeWolf Realty Co.*,

---

[1] The primary right theory does not apply if the tenant, after being sued in an unlawful detainer action, "surrenders the property such that possession is no longer at issue." *Duncan v. Kihagi*, 96 Cal. App. 5th 703, 709 (2023). Here, however, Plaintiff did not voluntarily surrender the property, and possession remained at issue throughout the action.

Inc., 239 Cal. App. 4th 750, 749 (Ct. App. 2015) (emphasis in original). It is well-established that a claim of retaliatory eviction can be litigated as an affirmative defense in unlawful detainer proceedings. *See Barela v. Superior Court*, 30 Cal. 3d 244, 254 (1981) ("The strong public policy interests in preserving the summary nature of the unlawful detainer proceeding will not be significantly impaired if the affirmative defense of retaliatory eviction is allowed here."); *Schweiger v. Superior Court*, 3 Cal. 3d 507, 507 (1970) (recognizing "in unlawful detainer actions a defense that the eviction is sought in retaliation for the exercise of statutory right by the tenant"); *Ann v. Tindle*, 2007 WL 2317623, at *5 (N.D. Cal. Aug. 10, 2007) (retaliatory eviction can be presented to the state court as a defense against an unlawful detainer action) (citing Cal. Civ. Code § 1942.5)), *affirmed*, 321 F. App'x 619 (9th Cir. 2009).

Moreover, as noted above, Plaintiff did actually raise a claim of retaliatory eviction in the unlawful detainer action. (Dkt. No. 60-3 at 6.) Although Plaintiff suggests that he did not have a fair opportunity to litigate the claim because the unlawful detainer action allegedly proceeded in his absence while he was suffering a psychiatric crisis (Dkt. No. 63-2 at 3), he has failed to show the absence of a fair opportunity to litigate. "Failing to participate or attend the hearing is not the same as not having the opportunity litigate." *Needelman*, 239 Cal. App. 4th at 760. Moreover, Plaintiff's absence from the remote hearing during the unlawful detainer action lasted only a few minutes, after which he "jump[ed] onto his computer screen" and stated he "was no longer receiving medical treatment and could proceed with his trial." (Dkt. No. 60-9 at 3.)

Because Plaintiff's claim of retaliatory eviction and the unlawful detainer action rested on the same primary right and because Plaintiff had a fair opportunity to litigate that claim during that action, the claim is barred by claim preclusion. Plaintiff therefore has failed to meet his burden at step two of the anti-SLAPP analysis of showing a probability of prevailing on the claim. Accordingly,

Defendant's anti-SLAPP motion is granted as to Plaintiff's fourth claim, for retaliatory eviction in violation of California law.

Defendant next objects that Plaintiff's third claim, for a violation of California's Fair Employment and Housing Act ("FEHA"), fails at anti-SLAPP step two because a post-judgment, collective request to remain is not a cognizable accommodation. (Dkt. No. 67 at 12-13.) The Report found that the Motion to Strike failed at step one, not step two, because Defendant's alleged failure to respond to Plaintiff's email request for a disability accommodation was not an act in furtherance of a person's free-speech rights in connection with a public issue. (Dkt. No. 65 at 6-9.) Defendant's objection consists of four arguments.

Defendant first argues that the Report identified the "wrong act" for step one. (Dkt. No. 67 at 12.) The correct act, according to Defendant, was not Defendant's alleged failure to respond to Plaintiff's email about an accommodation, but instead was Defendant's "prosecution of the unlawful detainer and her response to [the email] connected to that concluded litigation." (*Id.*) But Defendant's attempt to characterize the act in this manner "does not get off the ground . . . because the allegations at issue do not fit in any category of protected conduct covered by the statute." (Dkt. No. 65 at 6-7.) The operative Complaint alleged that Defendant "violated FEHA by completely ignoring Plaintiff's" email proposing the accommodation. (Dkt. No. 51 at 8.) This alleged failure to respond to the email did not arise from protected conduct because the challenged act was a "failure to speak," which is not protected activity even if that failure might have been connected to the unlawful detainer litigation. (*Id.* at 7 (citing, *inter alia*, *Callister v. James B. Church & Assoc.*, 329 Cal. Rptr. 3d 180, 189-90 (Ct. App. 2025) (failure to file a tax return and failure to provide particular advice to a client does not textually fit the language of the statute)). Thus, as to Plaintiff's third claim under the FEHA, Defendant failed to meet her burden at step one of the anti-SLAPP analysis.

Defendant's remaining three arguments in support of her objection to the Report's analysis of Plaintiff's third claim proceed from the incorrect premise that, at step one, Defendant met her burden of showing that her challenged failure to respond to the email arose from protected conduct. (Dkt. No. 67 at 12-13.) Thus, Defendant effectively argues that, at step two, Plaintiff did not show a probability of prevailing on his FEHA claim. (*Id.*) But because, for anti-SLAPP purposes, Defendant did not meet her burden at step one, "the Court does not proceed to the second step[.]" (Dkt. No. 65 at 9.)

Defendant next objects that Plaintiff sued only in his individual capacity, and the "359 Residential Recovery Tenant Association" has no standing. (Dkt. No. 67 at 13-14.) Specifically, Defendant objects that, for Plaintiff's third claim under the FEHA, Plaintiff had no authority to request an FEHA accommodation on behalf of a tenant association because "he cannot prosecute claims on the association's behalf, and its asserted injuries are not before the Court." (*Id.* at 13.) However, Defendant did not develop this argument in her anti-SLAPP motion (Dkt. No. 56-1 at 10, 13-14), so the Report did not address it. The Court declines to address an argument for dismissal raised for the first time in objections to the Report.

Defendants finally objects that if the Court excises the protected allegations, it should test the remaining federal claims under Rule 12(b)(6). (Dkt. No. 67 at 14.) The federal claims, in Plaintiff's first and second claims of the First Amended Complaint, allege violations of the federal Fair Housing Act by failing to accommodate Plaintiff's disability and by engaging in retaliatory conduct. (Dkt. No. 51 at 7-8.) As the Report noted, Defendant's anti-SLAPP motion cannot be used to strike federal claims. (Dkt. No. 65 at 16.) Moreover, Defendant's motion "only moved to strike the First Amended Complaint under California' anti-SLAPP statute and did not separately move to dismiss the First Amended Complaint under Rule 12 (b)(6)." (*Id.*) "Because Defendant did not file such a motion, the Court has

no basis to dismiss Plaintiff's federal causes of action under Rule 12(b)(6)." (*Id*. at 17.)

It is ordered that: (1) the Interim Report and Recommendation is accepted and adopted in part; (2) Defendant's Request for Judicial notice is granted (Dkt. No. 60); (3) Defendant's Motion to Strike is granted in part as to the fourth claim for retaliatory eviction but otherwise is denied (Dkt. No. 56); and (4) Defendant shall file an Answer within 21 days of the date of this order.

DATED: November 2, 2026

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE